UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAW OFFICE OF AIHONG YOU
Aihong You, Esq.
99 Hudson Street, 5th Floor
New York, New York 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
Attorneys for Plaintiff

| | |
|---|---|
| Daming Liu<br><br>Plaintiff,<br><br>-against-<br><br>Michelle Rajacic a/k/a Michele Chaplin, 142 East 33rd Street Realty Corp., John Does #1-10, Jane Does #1-10, and Company ABC #1-10<br><br>Defendants | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff DAMING LIU (hereinafter referred to as "Plaintiff" or "Liu")), by and through his undersigned attorneys, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This proceeding is brought by the plaintiff to recover all damages arising from Defendants' assault and battery against him on December 30, 2021 in a total amount no less than $500,000.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 28 U.S.C. § 1332(a). The Plaintiff is a citizen of France. Defendant Michele Chaplin is a resident of the State of New York. Defendant 142 East

1

33rd Street Realty Corp. is a domestic corporation organized and existing under the law of New York, and the matter in controversy exceeds the value of $75,000.

3. As the Southern District of New York is the district in which substantial part of the events or omissions giving rise to the claim occurred, venue is proper with this District pursuant to 28 U.S.C. § 1391(b)(2). Venue is also proper with this District pursuant to 28 U.S.C. § 1391(b)(1) & (d).

## THE PARTIES

4. Plaintiff is a French citizen and resides in France.

5. Upon information and belief, Defendant Michelle Rajacic ("Defendant Michele") resides and/or operates a rental business at 142 E 33rd Street, Apt 4F, New York, NY 10016.

6. Upon information and belief, Defendant, 142 East 33rd Street Realty Corp., ("142 Realty Company") is a corporation organized and existing under the laws of New York, with its principal place of business located at 142 E 33rd Street, New York, NY 10016.

7. Upon information and belief, Defendant Michele is either the agent/manager of 142 Realty Company, or a tenant of the 142 Realty Company. With the authorization and/or knowledge of 142 Realty Company, Defendant Michele rented the Apartment to the Plaintiff.

## FACTUAL ALLEGATIONS

8. The Plaintiff had a travel plan travelling from France to U.S. from the November to early January 2022. He booked the flight ticket flying from France to California in November, 2021, two-way tickets from California to New York City on December 29, 2021 and from New York City to California on January 4, 2022. He planned to return to France from California in early January.

9. On or about December 10, 2021, the Plaintiff's friend, Hongming Zhang, helped him book an apartment in NYC at 142 E 33rd Street, Apt 4F, New York, ("Apartment") through Airbnb. Plaintiff planned to spend the New Year at NYC and visit this the City from December 29 to January 4, 2022. He would fly back to California on January 4, 2022.

10. He paid the full rental amount of $2,500 to Defendant Michele through Airbnb. As of today, $2,500 was not refunded.

11. On or about December 20, 2021, Defendant Michele confirmed plaintiff's reservation.

12. On December 28, 2021 at about 5 pm, Plaintiff suddenly received a notice from Jetblue that his flight to NY was cancelled. Due to the flight cancellation, the plaintiff tried to change the arrival date at Airbnb. By mistake, he cancelled the Apartment booking. However, the full amount of the rent had been paid to Defendant Michele.

13. On December 29, 2021, Plaintiff contacted Defendant Michele many times. He told Michele that the cancellation shown at Airbnb was not intentional and was a mistake. Defendant Michele responded, saying it would be fine and agreed that the plaintiff could stay in the Apartment as originally booked and scheduled. She would contact Airbnb and left the key to the Plaintiff.

14. On December 29, 2021, Jetblue changed the plaintiff's flight many times. The plaintiff finally booked a flight ticket from American Airlines flying from California to New York on December 29, 2021.

15. The Plaintiff arrived at the NYC airport around 11 pm, December 29, 2021. One piece of his luggage was missing. After leaving information to the airlines for the missing luggage, the plaintiff arrived at the Apartment around midnight of December 29, 2021.

16. The plaintiff picked up the key that Defendant Michele left in the lockbox and entered into the Apartment.

17. Michele voluntarily left the key to the plaintiff and gave him the passcode of the lockbox.

18. Plaintiff legally entered the Apartment and possessed the Apartment.

19. As a short-term renter, Plaintiff was a hotel guest.

20. To remove a hotel guest, New York law requires a 3-day notice prior to the date specified therein for surrender of possession and prior to any action for removal or eviction. Every such notice shall include therein a statement of the rent due and the rental period or periods for which said rent is due.

21. On December 30, 2021, the plaintiff left the Apartment around 8 am to the airport for the missing baggage. While the plaintiff was on his way, Defendant Michele contacted the plaintiff, asking him to rebook the Apartment and pay another $2,500. The Plaintiff then texted and called Michele and customer service of Airbnb many times. The plaintiff told Michele that he was on his way to the airport. At that time, he did not have a credit card with him to rebook the Apartment. He would make the rebooking when he returned to the Apartment.

22. At that time, the plaintiff left all his belongings in the Apartment. In the baggage he left in the Apartment, there were his laptop, a cell phone, a watch, over $20,000 cash (approximately $19,500 US dollars, $800 Japanese Yen and $150 Euro), 2 outwears, 1 camera and his carry-on bag with important travel documents. Among the documents, there were a vaccine card and all his credit cards.

23. At that time, plaintiff was on the way to the airport, he had no credit cards nor laptop to rebook on the Airbnb.

24. It is believed that Defendant Michele illegally opened the Plaintiff's bags and found over $20,000 cash when she entered the Apartment.

25. Around 1:50 pm, on December 30, 2021, Michele text to the plaintiff, saying "it's ok, just rebook."

26. Defendant Michele also texted the Plaintiff, asking him to rebook the Apartment on or before 5 pm, on December 30, 2021.

27. Nevertheless, on December 30, 2021, around 4 pm, when the plaintiff returned the Apartment from the airport, Defendant Michele immediately attacked the Plaintiff without any provocation from the plaintiff. She repeatedly used pepper spray to attack the plaintiff, spraying all over on the plaintiff's face and eyes. The plaintiff had all blood from his nose, and his eyes were burning. He was sent to hospital by ambulance.

28. Police arrived within about 10 minutes. At that moment, Michele lied to the police, saying that the plaintiff attacked her and illegally stole the key. Fortunately, plaintiff recorded the encountering. The police arrested Michele for serious injuries that the plaintiff sustained.

29. From 2 pm to 4 pm, the only possible reason that Michele suddenly changed her mind and attacked the plaintiff for no obvious provocation was that she opened the plaintiff's bag and found significant amount of cash in the bag. She then decided to attack and rob the plaintiff.

30. On December 30, 2021, Defendant Michele illegally entered into the Apartment where the Plaintiff legally possessed.

31. Defendant Michele used force to steal the plaintiff's properties. By using force to rob the plaintiff, she caused serious injuries to the plaintiff.

32. As of today, none of the plaintiff's properties were returned to him.

33. Due to the loss of the vaccine card, the plaintiff could not travel back to France.

34. He also lost all his credit cards and cash. He has to loan money from friends to pay his stay in the U.S.

35. The plaintiff's injuries were severe. Due to the serious exposure to the spray, the plaintiff continues to have acute eye pains, swelling and headaches. The plaintiff was traumatized by the event. He is experiencing severe anxiety and fear about meeting any people he does not know.

## COUNT I
## ASSAULT AND BATTERY AGAINST ALL DEFENDANTS

36. The Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

37. The plaintiff legally possessed the Apartment.

38. Defendant Michele illegally entered into the Apartment and took the plaintiff's properties for no legitimate reason.

39. Defendant fiercely and viciously assaulted the plaintiff with no obvious provocation from the plaintiff.

40. Under the circumstances, it is unreasonable for Defendant Michele to use lethal force to attack the plaintiff.

41. The defendant knew and should have known that the force that she used to attack the plaintiff would cause serious injuries.

42. The assault did causes serious injuries to the plaintiff. The plaintiff was sent to hospital.

43. Due to the defendant Michele's assaults, the plaintiff received medical treatments and will have to continue his treatments for a period of time.

44. The plaintiff operated a restaurant business in France. He hired four employees for his business. Due to the injuries, and the travel documents that Defendant Michele took, the plaintiff has not been able to return to France and will have to stay in the U.S. for a prolonged period of time. As a result, his business has sustained and will continue to sustain huge losses, including

rents, wages, supplies, loss of profits, exceeding $30,000 monthly. The plaintiff also has to pay rents, foods and transportation for his extended stay in the U.S.

45. Due to Defendant Michele's assault and battery, she is liable to the plaintiff for all damages that result from the tort, including but not limited to medical expenses, economic losses, business losses, losses of profits, pain and suffering, attorney's fees and litigation costs, no less than $500,000 and to be determined at trial.

46. The defendant's conduct is outrageous and extreme. With the intent to steal the plaintiff's properties, especially over $20,000 cash, Defendant Michele fiercely attacked the Plaintiff and seriously injured him. Thus, the plaintiff seeks punitive damages against Defendant Michele.

47. Defendant Michele acted under the express or implied authorization of 142 Realty Company as its agent/employee or tenant.

48. NYC makes a rental shorter than 30 days without owner on site illegal. 142 Realty Company knew and should have known that Michele's illegal short-term rentals would pose serious dangers to a visiting tourist like the plaintiff.

49. 142 Realty Company negligently and/or knowingly permitted and authorized Michele to operate the illegal short-term rental business.

50. Thus, defendant 142 Realty Company should be jointly and severally liable to the plaintiff for all the damages, including all compensatory and punitive damages determined against all and any defendants at trial.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINIST ALL DEFENDANTS

51. The Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

52. The plaintiff legally possessed the Apartment.

53. Defendant Michele illegally entered into the Apartment and took the plaintiff's properties for no legitimate reason.

54. Defendant fiercely and viciously assaulted the plaintiff with no obvious provocation from the plaintiff.

55. Under the circumstances, it is unreasonable for Defendant Michele to use lethal force to attack the plaintiff.

56. The defendant knew and should have known that the force that she used to attack the plaintiff would cause serious bodily injuries and emotional distress.

57. The assault did causes serious bodily injuries and emotional distress to the plaintiff.

58. Due to the defendant Michele's assaults, the plaintiff experience serious anxiety and fear around any people he does not know. The severe anxiety and fear greatly interfere with the plaintiff's daily life and have caused severe mental anguish, emotional stress, pain and suffering to the plaintiff.

59. The plaintiff operated a restaurant business in France. He hired four employees for his business. Due to the injuries, both physical and mental injuries, and the travel documents that Defendant Michele took, the plaintiff has not been able to return to France and will have to stay in the U.S. for a prolonged period of time. As a result, his business has sustained and will continue to sustain huge losses, including rents, wages, supplies, loss of profits, exceeding $30,000 monthly. The plaintiff also has to pay rents, foods and transportation for his extended stay in the U.S.

60. Due to Defendant Michele's assault and battery, she is liable to the plaintiff for all damages that result from the tort, including but not limited to medical expenses, economic losses; business

losses, losses of profits, pain and suffering, attorney's fees and litigation costs, no less than $500,000 and to be determined at trial.

61. The defendant's conduct is outrageous and extreme. With the intent to steal the plaintiff's properties, especially $20,000 cash, Defendant Michele fiercely attacked the Plaintiff and seriously injured him. Thus, the plaintiff seeks punitive damages against Defendant Michele.

62. Defendant Michele acted under the express or implied authorization of 142 Realty Company as its agent/employee or tenant.

63. NYC makes a rental shorter than 30 days without owner on site illegal. 142 Realty Company knew and should have known that Michele's illegal short-term rentals would pose serious dangers to a visiting tourist like the plaintiff.

64. 142 Realty Company negligently and/or knowingly permitted and authorized Michele to operate the illegal short-term rental business.

65. Thus, defendant 142 Realty Company should be jointly and severally liable to the plaintiff for all the damages, including all damages determined against all and any defendants at trial.

## COUNT III
## CONVERSION AGAINST ALL DEFENDANTS

66. The Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

67. The plaintiff legally possessed the Apartment.

68. Defendant Michele illegally entered into the Apartment and took the plaintiff's properties for no legitimate reason. The properties that Defendant Michele stole from the plaintiff included a laptop, a cell phone, a watch, over $20,000 cash, 2 outwears, 1 camera and a carry-on bag with important travel documents including a vaccine card.

69. The plaintiff is the owner of those properties that Michele stole.

70. By refusing to return the properties to the plaintiff, Defendant Michele intentionally interfered with the plaintiff's control and use of those properties.

71. That inference deprived the plaintiff of possession or use of those properties.

72. The plaintiff operated a restaurant business in France. He hired four employees for his business. Due to the injuries, both physical and mental injuries, and the travel documents that Defendant Michele took, the plaintiff has not been able to return to France and will have to stay in the U.S. for a prolonged period of time. As a result, his business has sustained and will continue to sustain huge losses, including rents, wages, supplies, loss of profits, exceeding $30,000 monthly. The plaintiff also has to pay rents, foods and transportation for his extended stay in the U.S.

73. Due to Defendant Michele's illegal possession of the plaintiff's properties, she is liable to the plaintiff for all damages that result from the tort, including but not limited to the value of the properties, economic losses, business losses, losses of profits, attorney's fees and litigation costs, no less than $500,000 and to be determined at trial.

74. The defendant's conduct is outrageous and extreme. With the intent to steal the plaintiff's properties, especially over $20,000 cash, Defendant Michele fiercely attacked the Plaintiff and seriously injured him. Thus, the plaintiff seeks punitive damages against Defendant Michele.

75. Defendant Michele acted under the express or implied authorization of 142 Realty Company as its agent/employee or tenant.

76. NYC makes a rental shorter than 30 days without owner on site illegal. 142 Realty Company knew and should have known that Michele's illegal short-term rentals would pose serious dangers to a visiting tourist like the plaintiff.

77. 142 Realty Company negligently and/or knowingly permitted and authorized Michele to operate the illegal short-term rental business.

78. Thus, defendant 142 Realty Company should be jointly and severally liable to the plaintiff for all the damages, including all compensatory and punitive damages determined against all and any defendants at trial.

## COUNT IV
## PREMISES LIABILITY AGAINST DEFENDANT COMPANY

79. The Plaintiff realleges and incorporates by reference all allegations in paragraphs in the above as if fully set forth herein.

80. The plaintiff legally possessed the Apartment.

81. Defendant Michele illegally entered into the Apartment and took the plaintiff's properties for no legitimate reason.

82. Defendant Michele fiercely and viciously attacked the Plaintiff and caused serious injuries.

83. Defendant Michele acted under the express or implied authorization of 142 Realty Company as its agent/employee or tenant.

84. NYC makes a rental shorter than 30 days without owner on site illegal. 142 Realty Company as owner of the Apartment knew and should have known that Michele's illegal short-term rentals would pose serious dangers to a visiting tourist like the plaintiff.

85. 142 Realty Company negligently and/or knowingly permitted Michele to maintain an illegal short-term rental business on the premises.

86. 142 Realty Company's negligence caused Plaintiff's injuries and losses.

87. Thus, defendant 142 Realty Company should be jointly and severally liable to the plaintiff for all the damages, including all compensatory and punitive damages determined against all and any defendants at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand a judgment against all Defendants, for the following:

a. Awarding the plaintiff compensatory damages in the amount no less than $500,000.00

b. Awarding the plaintiff punitive damages to be determined at trial;

c. Awarding the plaintiff all economic and non-economic losses including pain and suffering arising from defendants' tortious conducts;

d. Compelling defendants to return all the plaintiff's properties;

e. Awarding the plaintiff the legal fees and costs he has incurred in this action;

f. Any other relief as the Court may deem just and proper.

Dated: January 12, 2022

                                                                   /s/
Aihong You, Esq.
LAW OFFICE OF AIHONG YOU
Attorneys for Plaintiff
99 Hudson Street, 5th Floor
New York, NY 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
aihong.you@aihonglaw.com