UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DAMING LIU,                                                 :
                          Plaintiff,                        :
                                                            :      22 Civ. 379 (LGS)
            -against-                                       :
                                                            :      **TEMPORARY**
MICHELLE RAJACIC et al.,                                    :      **RESTRAINING ORDER**
                          Defendants.                       :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 19, 2022, Plaintiff filed a motion for a Temporary Restraining Order.

WHEREAS, Defendants were ordered to show cause at hearings scheduled on January 24, 2022, and January 28, 2022, had notice of both hearings, but did not appear at the hearings.

WHEREAS, Plaintiff's counsel was heard ex parte at the hearing on January 28, 2022, in Defendants' absence.  It is hereby

**ORDERED** that, sufficient reason having been shown by Plaintiff, including "mak[ing] a strong showing of irreparable harm and demonstrat[ing] a clear or substantial likelihood of success on the merits,"[1] Plaintiff is granted a temporary restraining order (i) compelling Defendants immediately to turn over Plaintiff's property in Defendants' possession (the "Property"), and (ii) restraining Defendants during the pendency of this action from transferring or disposing of the Property, or in the event Defendants have disposed of any of the Property, compelling Defendants to provide information as to when, where, by whom and in what manner the Property was disposed of, and the name and contact information of any witness to the

---

[1] *A.H. by and through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (internal quotation marks omitted) (describing the standard for mandatory preliminary injunctive relief).

disposal.  It is further

> **ORDERED** that Plaintiff shall serve a copy of this order, and the papers upon which it is based, by personal service, or Federal Express or other nationally recognized overnight delivery service, and by email if possible, upon Defendants or their counsel on or before **January 31, 2022**.  It is further

> **ORDERED** that Plaintiff shall file proof of service by **January 31, 2022**.  It is further

> **ORDERED** that no security shall be required.  *See Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 456 (E.D.N.Y. 2020) ("[A] district court has a wide discretion to dispense with the bond requirement where there has been no proof of likelihood of harm.") (internal quotation marks omitted); *Doe v. Rensselaer Polytechnic Inst.*, No. 20 Civ. 1185, 2020 WL 5775193, at *2 n.1 (N.D.N.Y. Sept. 28, 2020) ("Although Rule 65(c) seems to require the posting of a bond for all TROs, a number of cases have held that the court's discretion to set the amount of the bond includes the discretion to waive the bond entirely.") (internal quotation marks omitted).

This temporary restraining order shall expire fourteen (14) days from the time it issues, unless extended by further order of this Court.  If Plaintiff wishes to extend this Order, he must move for a preliminary injunction pursuant to Fed. R. Civ. P. 65.

Dated:  January 28, 2022
            New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**
