```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMING LIU,                                                 :
                                    Plaintiff,              :
                                                            :   22 Civ. 379 (LGS)
                  -against-                                 :
                                                            :   ORDER
MICHELLE RAJACIC, et al.,                                   :
                                    Defendants.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 7, 2022, and March 16, 2022, the Clerk of Court entered certificates of default against Defendants.

WHEREAS, on June 18, 2022, Plaintiff filed a motion for default judgment and supporting papers.

WHEREAS, on June 28, 2022, the Court issued an order to show cause why default judgment should not be entered against Defendants.

WHEREAS, on July 15, 2022, Defendant 142 East 33rd Street Realty Corp. ("142 East") filed a motion to vacate default.

WHEREAS, the parties appeared for a show cause hearing on July 20, 2022, and counsel for Defendant Rajacic made an oral motion to set aside default.

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c) a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts consider the following factors in determining whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26,

2021).  It is hereby

**ORDERED** that the Certificates of Default are **set aside and vacated**, based on the Court's finding that Defendants have shown good cause for doing so.  This finding is based on the fact that Defendants intended to participate in this proceeding but did not timely obtain representation due to confusion and difficulties relating to the retention of counsel.  Defendants present meritorious defenses, and at this early stage of the proceedings Plaintiff would not be prejudiced by setting aside the default.  For these reasons, the Court finds good cause for setting aside and vacating the Certificate of Default.  It is further

**ORDERED** that Defendant Rajacic's and Plaintiff's oral application for a referral to the Court's mediation program is GRANTED.  A referral order will issue separately.  It is further

**ORDERED** that by **July 26, 2022**, Defendant Rajacic and Plaintiff shall exchange initial disclosures, including production of any surveillance video depicting the events described in the Complaint and text messages exchanged between Defendant Rajacic and Plaintiff.  It is further

**ORDERED** that by **August 3, 2022**, Plaintiff shall file any amended complaint.  It is further

**ORDERED** that Defendant 142 East's motion to dismiss shall be briefed according to the following schedule:

- By **August 26, 2022**, Defendant 142 East shall file its motion and memorandum of law, not to exceed twenty-five (25) pages.
- By **September 16, 2022**, Plaintiff shall file his opposition, not to exceed twenty-five (25) pages.
- By **September 28, 2022**, Defendant 142 East shall file any reply, not to exceed ten (10) pages.

The parties' submissions shall comply with the Court's Individual Rules.  It is further

**ORDERED** that with the exception of the aforementioned exchange of materials, discovery in this action is STAYED pending the resolution of Defendant 142 East's motion to dismiss and mediation between Defendant Rajacic and Plaintiff.

Dated: July 21, 2022
      New York, New York

                                                 **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**